

**MORRIS DUFFY ALONSO FALEY & PITCOFF**

101 GREENWICH STREET
22ND FLOOR
NEW YORK, NEW YORK 10006
(212) 766-1888
FAX (212) 766-3252
WWW.MDAFNY.COM

February 29, 2024

**VIA: ECF**
Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street, Courtroom 621
White Plains, New York 10601-4150

      Re:    **MARVIN v. ALLEN, et al.**
                  Docket No.: 23-cv-5947

Dear Judge Karas:

      This office represents the Defendants in the above-captioned action. This letter is submitted in response to: (1) the Plaintiff's letter-motion (Dkt. No 29), seeking judgement on the pleadings, and (2) the Court's order permitting Defendants to provide supplemental briefing regarding the new allegations Plaintiff raised by letter against Defendant Marie Pruschkie, who Plaintiff added to this action while Defendant's motion to dismiss was fully submitted. (Dkt. No. 33). As will be discussed in detail below, Plaintiff's motion should be denied as he is not entitled to judgment on the pleadings. Furthermore, the allegations against Ms. Prushki should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as they fail to state a claim upon which relief may be granted.

**I.**    **Plaintiff is not entitled to judgment on the pleadings.**

      Despite the fact that Defendants in this action have appeared, complied with all court-ordered deadlines, and fully briefed a motion to dismiss, Plaintiff contends that he is entitled to a default judgment in this action because Defendants have not filed an answer. He is incorrect. Defendants' motion to dismiss asserts that the complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Fed. R. Civ. P. 12(b) provides that motions made pursuant to these provisions "must be made before pleading if a responsive pleading is allowed." Additionally, Rule II.A of the Court's Individual Rules of Practice state that the filing of a pre-motion letter requesting dismissal stays the time to

answer or move until further order of the court. Accordingly, Defendants are not in default. Because Defendants are not yet obligated to file responsive pleadings, Plaintiff's contention that factual matters raised in the complaint are "undisputed" is incorrect and he is not entitled to relief under Rule 12(c) because motions under that provision may only be made "after the pleadings are closed."

Plaintiff further contends that Defendants waived subject matter jurisdiction in this matter by "refusing to send tax bills." But Plaintiff identifies no legal authority whatsoever holding that objections to a federal district court's subject matter jurisdiction can be waived at all, much less that they can be waived in the way Plaintiff suggests. On the contrary, Fed. R. Civ. P. 12(h)(3) directs district courts to dismiss actions at any time should they determine that subject matter jurisdiction is lacking. Accordingly, Defendants are not capable of waiving objections to subject matter jurisdiction and certainly did not do so in this case, as the issue of subject matter jurisdiction was raised via pre-answer motion, the first opportunity to do so.

The remainder of Plaintiff's letter consists of various inchoate allegations of fraud and/or RICO allegations against Defendants and/or defense counsel. As a preliminary matter, Plaintiff is not entitled to judgment on this basis as neither fraud nor RICO is even asserted in the operative pleadings. What's more, a review of the complaint and the correspondence annexed thereto indicates that Defendants have never asserted a possessory interest in the subject property, but merely directed Plaintiff to procedures Plaintiff could use to meet his burden of establishing his entitlement to the tax exemption at issue and rejected an application that was filled out incorrectly with instructions to Plaintiff as to how he could cure the defect. This is not fraud-as Defendants have not actually obtained anything via misrepresentation-and it is certainly not "racketeering activity" under 18 U.S.C. § 1961(1).

## II. The additional allegations against Ms. Pruschki fail to state a claim upon which relief may be granted.

Plaintiff's "Amended Petition" (Dkt. No. 25), alleges that Ms. Prushki violated RICO by failing to mail a statement of taxes to Plaintiff or his deceased mother pursuant to New York RPTL § 922. Even assuming the truth of these allegations, Plaintiff fails to either establish a violation of either § 922 or that he can maintain a civil action against Ms. Pruschki based on such a violation. As a preliminary matter, Plaintiff neglects to mention that RPTL § 922(a)(1) provides that the required statement may be mailed "or transmitted electronically." The Town of Montgomery maintains a website which residents can use to view and pay their tax bills at any time. See https://egov.basgov.com/Montgomery/ (accessed February 22, 2024). Furthermore, New York legislature has specifically prohibited taxpayers from attempting to use a municipality's putative failure to comply with § 922 as a defense to tax liability. RPTL § 922(3) provides that "[t]he failure to mail any such statement, or the failure of the addressee to receive the same, shall not in any way affect the validity of the taxes or interest prescribed by law with respect thereto." Accordingly, the statute does not create a private cause of action or provide plaintiff with a defense to paying taxes even if he could establish that it was violated.

Plaintiff's assertion that Ms. Pruschki "was part of a RICO (Penal Law 460) organization to effect a Grand Larceny scheme also fails to withstand scrutiny." RICO, a federal statute, and

the cited New York Penal law, a state criminal statute, are not the same thing. Plaintiff is not the District Attorney and therefore he lacks standing to enforce provisions of the New York Penal Law. See Cablevision Systems Corp. v. Comm'n Workers of America District 1, 131 A.D. 3d 1087, 1088 (2d. Dept. 2015)("The causes of action alleging violations of the Penal Law were properly dismissed on the ground that the subject Penal Law provisions do not create a private right of action.").

Nor are Plaintiff's allegations sufficient to establish the elements of a federal RICO claim. Federal RICO claims require, *inter alia,* allegations of predicate acts of "racketeering" under 18 U.S.C. § 1961(1) as well as conduct affecting interstate or foreign commerce. 18 U.S.C. § 1962(c). Because there are no allegations of either, any federal RICO claim fails as a matter of law.

Finally, and most fundamentally, nothing in the Amended Complaint alters the Court's lack of subject matter jurisdiction over this action. As set forth in detail in Defendant's motion to dismiss, Plaintiff has failed to set forth any reason why he could not challenge the amount of taxes he owes in state court, which precludes the instant lawsuit under § 1983. Framing allegations contesting the amount of state taxes owed as federal constitutional violations or racketeering conspiracies does not alter this calculus. See Fair Assessment in Realty Ass'n Inc. v. McNary, 454 U.S. 100, 116 (1981)("[W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts."); Empress Casino Joliet Corp. v. Balmoral Racing Club., 651 F.3d 722, 725-727 (7th Cir 2011)(*en banc*)(hodling that Tax Injunction Act and principles of comity deprived court of subject matter jurisdiction over federal RICO suit).

In light of the foregoing it is respectfully submitted that Plaintiff's motion for judgement on the pleadings should be denied and that this action, including the new allegations against Ms. Pruschki should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or (b)(6). Thank you for considering my clients' position on these matters.

Plaintiff's Motion for Judgment is denied. In lieu of filing an Answer, Defendants filed a Motion to Dismiss. This is procedurally proper and does in any way constitute a default on the part of Defendants. Defendants will need to file an answer if the Court denies their Motion to Dismiss. As for the supplemental allegations against Mr. Pruschki, the Court will address them in resolving Defendants' Motion to Dismiss.

So Ordered.
2/29/24

Respectfully submitted,

MORRIS DUFFY ALONSO FALEY & PITCOFF

By: /s/ Michael A. Czolacz
_____
Michael A. Czolacz
*Attorneys for Defendants*
101 Greenwich Street, 22nd Floor
New York, New York 10006
Tel: (212) 766-1888

TO:   MARK MARVIN
*Pro Se Plaintiff*
135 Mills Road
Walden, New York 12586
Tel: (845) 778-4693

## AFFIRMATION OF SERVICE

ALIYAH PIMENTO, being duly sworn, deposes, under penalty of perjury of the State of New York, which may include fine or imprisonment, says: I am not a party to this action I am over 18 years of age and resident in the State of New Jersey. On February 28, 2024, I served the within **LETTER TO JUDGE RE OPPOSING PLAINTIFF'S MOTION FOR JUDGMENT ON PLEADINGS** upon:

MARK MARVIN
*Pro Se Plaintiff*
135 Mills Road
Walden, New York 12586
Tel: (845) 778-4693

that being the address designated by said *Pro Se* plaintiff for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department via FIRST CLASS MAIL.

I understand that the foregoing may be used in an action or proceeding in a court of law.

*/s/ Aliyah Pimento*
ALIYAH PIMENTO

Sworn to before me on this

28th day of February 2024

*/s/ Laura Perez*

Notary Public

Laura Perez
Notary Public, State of New York
No. 01PE4797346
Qualified in Queens County
Commission Expires Jan. 31, 2026