UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK MARVIN,

                      *Plaintiff*,

    v.

BLANE ALLEN, DENNIS KETCHOM,
MARIE PRUSCHKI, KELLY ESKEW,
KERRY GALLAGHER, *and* COUNTY OF
ORANGE,

                      *Defendants*.

No. 23-CV-5947 (KMK)

ORDER & OPINION

---

Appearances:

Mark Marvin
Walden, NY
*Pro Se Plaintiff*

Kenneth Ethan Pitcoff, Esq.
Michael Adam Czolacz, Esq.
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendants Allen, Ketchom, and Pruschki*

Maritanna Isakov, Esq.
The Isakov Law Firm, P.C.
New York, NY
*Counsel for Defendants Allen, Ketchom, and Pruschki*

Matthew Joseph Nothnagle, Esq.
Office of the Orange County District Attorney
Goshen, NY
*Counsel for Defendants Eskew, Gallagher, and the County of Orange*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Mark Marvin, proceeding pro se, brings this Action against Blane Allen, Dennis Ketchom, Marie Pruschki, the County of Orange (the "County"), Kelly Eskew, and Kerry

Gallagher (collectively, "Defendants"). (*See generally* Compl. (Dkt. No. 1); Am. Pet. (Dkt. No. 40).) On September 24, 2024, the Court granted Defendants' initial and supplemental motions to dismiss. *See generally Marvin v. Allen*, No. 23-CV-5947, 2024 WL 4290722 (S.D.N.Y. Sept. 24, 2024). Before the Court is Plaintiff's Motion for Reconsideration. (*See* Letter Mot. for Reconsideration ("Pl's Letter") (Dkt. No. 57).) For the following reasons, the Motion is denied.

In its Opinion granting Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction because Plaintiff's claims were barred by the Tax Injunction Act ("TIA"), his RICO claim was no more than a reframing of the alleged tax exemption denials, and his allegations about unreceived tax bills failed to state a legal claim. *Marvin*, 2024 WL 4290722, at *4–7. The Court gave Plaintiff 30 days to file a Second Amended Complaint. *Id.* at *7. Instead, on October 9, 2024, Plaintiff filed a "motion to arrest order of dismissal" and a "motion to award attorney fees and costs," which the Court construes as the instant Motion. (*See* Pl's Letter 1, 3.) Defendants filed their Opposition to the Motion on October 24, 2024, (*see* Declaration of Matthew J. Nothnagle, Esq. (Dkt. No. 58); Mem. of Law in Opp'n ("Defs' Opp'n") (Dkt. No. 59)), and Plaintiff filed his Reply on November 12, 2024, (*see* Reply to Defs' Opp'n (Dkt. No. 63).)

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Rivas v. Melecio*, No. 23-CV-5718, 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024) (quoting *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013)); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577, 2018 WL 11396029, at *2 (S.D.N.Y. June 6, 2018).

In the Second Circuit, motions for reconsideration are judged by a strict standard and should not be granted where the moving party seeks solely to relitigate an issue already decided. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (internal quotation marks and citation omitted)). "[R]econsideration is appropriate when new evidence was not previously available despite diligence." *Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746, 2025 WL 1002010, at *1 (S.D.N.Y. Apr. 2, 2025); *see also Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 146 (2d Cir. 2011) (noting that evidence that the moving party "had known about . . . for over a year" was neither new nor newly discovered). "Motions for reconsideration are not intended to be 'a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Fecteau v. City of Mount Vernon*, No. 23-CV-9173, 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (quoting *Harriram v. City Univ. of New York*, No. 22-CV-9712, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024) (denying a motion for reconsideration where plaintiff failed to provided "data that the court overlooked")). "A movant may not 'rely upon facts, issues, or arguments that were previously available but not presented to the court.'" *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a

3

clear error or prevent manifest injustice.'" *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Techiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

Plaintiff raises the same arguments previously dismissed and fails to assert any intervening change of controlling law, new evidence, or clear error that would warrant reconsideration. The alleged evidence the "Court needs to re-read" still plainly refers to a local tax matter not appropriate for this Court to rule on under the TIA. (Pl's Letter 2.) *See Marvin*, 2024 WL 4290722, at *5–6; *see also Staten v. Vill. of Monticello*, No. 14-CV-4766, 2015 WL 6473041, at *8 (S.D.N.Y. Oct. 26, 2015) (quoting *Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994) (stating that a "local tax matter" is "precisely the type of suit the [TIA] was designed to limit")); *Sandstrom v. Wendell*, No. 23-CV-405, 2024 WL 1242415, at *5 (W.D.N.Y. Mar. 22, 2024) (dismissing challenge to denial of tax-exempt status for lack of jurisdiction because it sought ruling on a "local tax matter"). Moreover, the case Plaintiff cites, *Arizona v. Youngblood*, 488 U.S. 51 (1988), alleging the "Court's efforts to mis-read the case" is inapposite as it concerns the preservation of evidence and due process. *Youngblood* has no bearing on this Action. Further, Plaintiff refers to numerous "stipulations" that the Parties have allegedly agreed to, (Pl's Letter 1–2), but the record does not reflect any such stipulations, (*see generally* Dkt.), and Defendants refute the existence of any stipulations between the Parties, (Defs' Opp'n 16; October 25. 2024, Letter from Michael A. Czolacz, Esq., to Court (Dkt. No. 61).) As Plaintiff has identified no intervening change of law, new evidence, or clear error, the motion for reconsideration is denied. *See Flores v. Bergtraum*, No. 20-CV-1240, 2023 WL 6258675, at *2 (S.D.N.Y. Sept. 26, 2023) (denying a motion for reconsideration where the

movant failed to identify an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice).

## III.  Conclusion

For the reasons set forth above, Plaintiff's Motion is denied.  The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   July 11, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge