UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

*Plaintiff*,

v.

BLANE ALLEN, DENNIS KETCHOM, MARIE PRUSCHKI, KELLY ESKEW, KERRY GALLAGHER, AND COUNTY OF ORANGE, DEFENDANTS,

*Defendants*.

No. 23-CV-5947 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Mark Marvin, proceeding pro se, filed this Action against Blane Allen, Dennis Ketchom, Marie Pruschki, the County of Orange (the "County"), Kelly Escew, and Kerry Gallagher (collectively, "Defendants") on July 10, 2023. (*See* Compl. (Dkt. No. 1); Am. Pet. (Dkt. No. 40).) On September 24, 2024, the Court granted Defendants' initial and supplemental motions to dismiss. *See generally Marvin v. Allen*, No. 23-CV-5947, 2024 WL 4290722 (S.D.N.Y. Sept. 24, 2024). On October 9, 2024, Plaintiff filed a motion for reconsideration. (*See generally* Letter Mot. for Recons. (Dkt. No., 59).) After briefing by the Parties, the Court denied Plaintiff's Motion for Reconsideration on July 11, 2025. (*See generally Marvin v. Allen*, No. 23-CV-5947, 2025 WL 1911558 (S.D.N.Y. July 11, 2025), *appeal dismissed,* No. 25-1969, 2026 WL 2414597 (2d Cir. Apr. 15, 2026).) Since that decision, Plaintiff has not filed an Amended Complaint. (*See generally* Dkt.) On September 22, 2026, the Court issued an Order to Show Cause as to why this Action should not be dismissed for failure to prosecute, directing Plaintiff to respond no later than October 22, 2026. (*See* Order (Dkt. No. 69).) On October 9, 2026, Plaintiff responded to the Order to Show Cause. (*See* Answer to Order to Show Cause ("Pl.'s Resp.") (Dkt. No. 70).) Because Plaintiff's response does not amend the complaint or cure the

issues identified in this Court's dismissal of Plaintiff's original complaint, Plaintiff's claims are dismissed without prejudice for failure to prosecute.

The Court has the authority to dismiss claims for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, the Second Circuit has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's claims. First, while Plaintiff responded to the Court's Order to Show Cause, his response is neither an amended complaint nor does it identify good reasons that his claims should not be dismissed for failure to prosecute. Plaintiff's response asserts that he has filed a petition for en banc determination with the Second Circuit and attaches that petition to his response.[1] (Pl.'s Resp. 1.) He also reiterates his arguments from the motion to dismiss that the Defendant's actions constituted constitutional violations and violations of RICO, but he does not point to any facts that change the Court's determination that the Tax Injunction Act ("TIA") bars the Court's jurisdiction over Plaintiff's claims. *See Marvin*, 2024 WL 4290722, at *5–6 (finding TIA bars the Action because it is a "local tax matter," and "Plaintiff's invocation of the Due Process, Excessive Fines, and Takings Clauses does not render the TIA inapplicable" and finding RICO claims fail, among other reasons, because Plaintiff lacks "particularized allegations of 'racketeering activity'"). Nor will the Court construe Plaintiff's en banc petition as an amended complaint. *See Allen v. Hand*, No. 09-CV-1388, 2010 WL 2682248, at *5 (N.D.N.Y. July 2, 2010) (declining to "exercise its discretion to construe Plaintiff's Complaint as effectively amended by . . . late-blossoming allegations."). In other words, Plaintiff has had over two years to file an amended complaint but has not done so. "Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal,

[1] The Second Circuit dismissed Plaintiff's appeal of this Court's ruling on April 15, 2026. (*See* Dkt. No. 56 (25-1969 Dkt.).) To date, there is no en banc petition filed on the docket. (*See generally* Dkt. (25-1969 Dkt.).)

delays of several months have been found to suffice." *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same).

As to the second factor, Plaintiff has been warned repeatedly that the Court may dismiss Plaintiff's claims for failure to prosecute if he does not amend his complaint. *See Marvin*, 2024 WL 4290722, at *7 (warning Plaintiff that "[t]he failure to timely file an amended complaint may result in the dismissal of this Action") (Dkt. No. 69.) As to the third factor, the presumption that Defendants will be prejudiced by further delays applies. "Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). Here, "Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against [Defendants], weighing in favor of dismissal." *Id.* As to factor four, dismissing these claims would undoubtedly promote efficiency and ease congestion. And where a Plaintiff "has shown little interest in prosecuting" their claims and failed to comply with the Court's orders, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. The Court is not obligated to allow claims "to languish on the docket," *Davison v. Grillo*, 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006), while it waits for Plaintiff to re-engage in the litigation. Finally, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, Plaintiff's claims are dismissed without prejudice for failure to prosecute. *See Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months). The Clerk of the Court is respectfully directed to dismiss Plaintiff's claims without prejudice and close the case.

SO ORDERED.

Dated: October 19, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge